*J. U. Pettit* and *T. T. Weir*, for appellant.

———————o———————

## CONDIT and Others *v.* The Board of Commissioners of NEWTON County.

COUNTY SEAT.—BOND OF FEME COVERT.—Proceeding by mandate to compel the removal of a county seat. To the alternative writ the commissioners made return that the lands described in the bond which had been tendered under section 4 of the act of 1861, were the property of a married woman. To this return it was answered that the bond was executed in good faith, and a deed for the lands was tendered and brought into court to operate as soon as the removal of the county seat should be ordered.

*Held,* that a married woman would not be bound by such a bond.

Condit and Others *v.* The Board of Commissioners of Newton County.

*Held,* also, that the subsequent execution of the deed could not put the county board in default, their action being legal at the time. The writ of mandate lies against them only after they shall have refused to act in a case where they ought to have acted.

APPEAL from the *Newton* Circuit Court.

FRAZER, C. J.—This was a proceeding by mandate to compel the removal of a county seat. The fourth section of the act upon this subject, amongst other things, requires as conditions precedent to such removal, a bond with surety, to be approved by the clerk of the Circuit Court, securing to the county the sum of $1,000 toward erecting county buildings, and a bond conditioned that the obligor will, as soon as the proposed re-location is made, convey to the county a tract of land therein of at least 160 acres, and also every third lot in the town plat of the proposed site. Laws of 1861, special session, p. 103.

In this case, the commissioners made return to the alternative writ that the lands described in the last named bond were owned by a married woman, who executed the bond with her husband, and that, after such execution, the bond was, without her consent or authority, materially changed, by inserting therein the description of the lands. To this return it was pleaded that the bond was executed and delivered in good faith, to vest in the county the title to the lands described in it, on condition that the county seat be removed as prayed for; and that, to prevent cavil, a deed for the lands was brought into court, to be operative as soon as the proposed removal of the county seat shall be made. This deed was executed on the day that it was brought into court, and more than one year after the board of commissioners had refused the prayer of the petitioners for the relocation. A demurrer was sustained to this answer, and this presents the only question before us.

The argument for the appellants presents no ground whatever for controverting the correctness of the action of the court below, and we can think of none. It is pretty well settled that a *feme covert* would not be bound by such a

bond under our laws, even if she had executed it, and surely this is so if she did not execute it, as was substantially shown by the return. Nor does the answer to this, that the bond was executed in good faith and for the required purpose, help the matter, if that purpose was not expressed in the bond as executed by her, as the answer, by not denying it, must be taken to admit.

The deed executed afterward can avail nothing. The board of commissioners, having acted legally, were in no default, and could not be put in default by this deed afterward tendered. The writ of mandate lies against them only after they shall have refused to act in a case where they ought to have acted.

The judgment is affirmed, with costs.

GREGORY, J., having been of counsel, was absent.

D. Mace, for appellants.

R. C. Gregory, for appellee.