STEVENS v. PARISH.

HUSBAND AND WIFE.—EXECUTORY CONTRACT.—The common law rule, that a wife is not capable, during coverture, of entering into any executory contract concerning her lands, is not changed by the statutes of this State.

SAME.—An executory contract by the wife, or by the husband and wife, for the sale of her lands, is not binding on her.

SAME.—DEED.—The court has no power to compel a husband to join with the wife in a deed of the wife's lands.

SAME.—Where the wife had executed a deed of her lands and received the consideration, the husband not joining, it was held that the court could not, by decree, require him to join in a conveyance.

APPEAL from the *Shelby* Circuit Court.

ELLIOTT, J.—This was a complaint by *Parish*, the appellee, against *Martin Stevens*, the appellant, and *Leah Stevens*, his wife, to compel the specific performance of a contract for the sale and conveyance of certain real estate owned by the wife.

It is alleged in the complaint, that in *January*, 1856, said *Leah Stevens*, then being the wife of said *Martin Stevens*, was seized in fee in her own right, as one of the children and heirs at law of *Edmund K. Parish*, deceased, of one undivided seventh of a quarter section of land, which is particularly described, situate in *Shelby* county; that said *Leah* and her husband, *Martin Stevens*, at the date aforesaid, sold the interest of said *Leah* in said land to said *Parish*, for the sum of two hundred and twenty-five dollars, which he then and there paid to them, in consideration of which said *Leah* and *Martin* agreed to execute and deliver to said *Parish* "a good and sufficient deed of conveyance, with covenants of warranty," for the interest of said *Leah* in said land; that in pursuance of said agreement, on the same day, all of said parties went before the recorder of *Shelby* county for the purpose of having said deed executed; that they were advised at the office of the recorder that it was both unnecessary and improper that said *Martin Stevens* should join with his wife *Leah* in the execution of said

deed, and thereupon, relying upon the advice so given them, and all of them believing that a deed executed by said *Leah* alone was all that was necessary to convey her interest in said land, she did thereupon execute and deliver to said Parish a deed of conveyance therefor accordingly, without her said husband joining therein, but with his knowledge and consent; that said *Parish* was thereupon put into possession of the interest so conveyed, which he had ever since held and enjoyed, and had made lasting and valuable improvements thereon, of the value of one thousand dollars; that said plaintiff was ignorant of the fact that his title was invalid because said *Martin Stevens* had not joined with his said wife in the execution of the deed, until about a month before the commencement of the suit, in *October*, 1865, and that immediately after he was informed of the fact, he procured a deed to be prepared, ready for execution by said *Martin* and *Leah Stevens*, for the interest of said *Leah* in said land, and caused the same to be presented to said *Martin Stevens* for execution, but he refused to execute the same, or to join with his wife in the execution thereof, although she was ready and willing to join with him therein.

Prayer, that the defendants be required to execute and deliver to the plaintiff a proper conveyance for the interest of said *Leah* in the land, or, in default thereof, that a commissioner be appointed by the court to execute such conveyance, and for general relief.

A demurrer was filed to the complaint by the defendant *Martin Stevens*, which was overruled, and he then answered by a general denial, and by a second paragraph, setting up the statute of frauds. The latter was rejected by the court, on the plaintiff's motion. *Leah* was defaulted. The issue on the denial of *Martin Stevens* was tried by the court, and found for the plaintiff, and, a motion for a new trial having been overruled, a decree was rendered against the defendants, vesting all the right and title of said *Leah* to the land in said *Parish*, in fee simple, and a commissioner was appointed to

execute and deliver to him a deed therefor, which, being done, was examined and approved by the court.

The reasons assigned for a new trial are: 1. That the finding of the court is contrary to law.   2. That the finding of the court is contrary to the evidence.

The record contains the evidence, which in the main sustains the allegations of the complaint.   The only points of difference are these: The evidence shows that the contract was in fact made with *Leah Stevens*, but *Martin*, her husband, was informed of and assented to it.   He was present when she executed the deed, and was willing to join her in its execution, if it had been deemed necessary.   The purchase money was not paid at the time the deed was executed, but notes were given for it, which were afterwards paid to *Martin Stevens*.

These variances do not change the question presented by the complaint, and the case may be disposed of by a decision of the question raised by a demurrer to the complaint, the overruling of which is one of the errors assigned.

The question is, do the facts alleged in the complaint show a valid cause of action?   It is declared by the 5th section of the "act touching the marriage relation," &c., 1 G & H. 374, that "no lands of any married woman shall be liable for the debts of her husband, but such lands, and the profits therefrom, shall be her separate property, as fully as if she was unmarried; *provided*, that such wife shall have no power to incumber or convey such lands, except by deed, in which her husband shall join."   And section 6 provides that "the separate deed of the husband shall convey no interest in the wife's land."

At common law, the husband, by the marriage, became entitled to an estate in possession in the lands of the wife, during their joint lives, which was subject to sale on execution for his debts, or might be sold and conveyed by him. *Montgomery* v. *Tate*, 12 Ind. 615.   This rule, however, did not apply to lands conveyed to the separate use of the wife, known as her separate estate.

The statute cited above changes the common law rule, and, in effect, converts the lands held by a married woman in general property into her separate estate, with only a limited power of alienation. *Cox's Admr.* v. *Wood*, 20 Ind. 54. It divests the husband of any legal interest in his wife's lands during coverture. He cannot incumber it, or convey any interest in it, nor is it in any manner subject to his debts.

The well known rule of the common law, that the wife, during coverture, is incapable of entering into an executory contract, is not changed, in this respect, by the statute. She can incumber or convey her lands only "by deed in which her husband shall join," and then she is not bound by any covenant therein. 1 G. & H., § 6, p. 258.

An executory contract by the wife, or by the husband and wife, for the sale of her land, is not binding on her; nor is it in the power of the husband, or the court, to compel the wife to join her husband in a deed conveying her lands. If she voluntarily joins with her husband in a convance thereof by deed, her title is thereby divested. She is bound by such an executed conveyance thereof, but by no other mode of contract. And so the husband, though he has no separate power to sell or convey the lands of the wife, is authorized by the statute to join with her in a deed of conveyance therefor; but this is purely a discretionary power, the exercise of which must depend entirely upon his own will. And we are not aware of any principle of law authorizing the court to compel the husband or the wife to join in such a conveyance. We therefore conclude that the facts alleged in the complaint do not justify a decree for specific performance, and that the Circuit Court erred in overruling the demurrer to the complaint.

The judgment is reversed, with costs, and the proceedings subsequent to the demurrer to the complaint set aside, with directions to the Circuit Court to sustain the demurrer.

*S. Major* and *E. H. Davis*, for appellant.

*B. F. Davis*, for appellee.