IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1871, IN THE FIFTY-FIFTH YEAR.
OF THE STATE.

---

### SHUMAKER *v.* JOHNSON.

MARRIED WOMAN.—*Conveyance.*—A conveyance by a married woman, her‑
husband not joining therein, is absolutely void, not only as a conveyance, but‑
as a contract or agreement to convey, and vests no right or equity in the:
grantee.

SAME.—H., a married woman, without her husband joining, made a deed for‑
certain real estate to S., who was also a married woman, and her infant son.
Afterwards S. and her husband conveyed the same real estate to J.
*Held*, that S. and her husband had no title or equity to the premises, and hence.
nothing passed by their deed to J.

SAME.—*Estoppel.*—A deed made by a married woman, her husband joining.
with her, purporting to convey nothing but their interest in the premises,
whatever that interest might be, without defining the character of the interest,
or affirming that they had an interest in the premises, will not estop her from
setting up an after-acquired title to the premises.

APPEAL from the Hendricks Circuit Court.

WORDEN, J.—This was an action by the appellee, William
H. Johnson, against the appellant, Martha Shumaker, and‑
others, to recover possession of certain real estate, and to·
quiet the plaintiff's title thereto. Prayer, also, that if James:

Shumaker, one of the defendants, should be found to be a tenant in common with the plaintiff, partition might be had by order of sale, as the premises were not susceptible of division. Trial by the court, and finding that the plaintiff and said James were tenants in common of the premises; that the premises were not susceptible of division; and judgment that the property be sold, &c.

Martha appeals. The questions arising in the record are duly preserved by exceptions.

There is not much, if any, controversy about the facts in the case; and they are, in substance, as follows:

On the 29th of March, 1865, Charity Hudson, being then a married woman, was the owner of the land in controversy. On that day, for a valuable consideration, paid her by Martha Shumaker, the appellant, Mrs. Hudson, alone and without being joined by her husband in the deed, executed a conveyance of the premises to Mrs. Shumaker and her infant son James Shumaker. The money paid Mrs. Hudson by Mrs. Shumaker was the money of the latter that had come to her from the estate of her father. At the time of the execution of this conveyance, William Hudson, the husband of Charity, was living with her, in Hendricks county. By virtue of this conveyance, Mrs. Shumaker was put in possession of the premises.

On the 7th of June, 1869, Martha Shumaker and her husband, by a deed duly executed, conveyed and quitclaimed to the appellee Johnson their entire interest in the premises, for the consideration of two hundred dollars. One hundred dollars of this purchase-money was paid down, and Johnson executed to Martha his note for the residue, on which he has paid the interest, which she retains.

On the third of September, 1869, Charity Hudson and William, her husband, in order to carry out the original contract of sale and purchase between Charity and Martha, executed a warranty deed of the premises to Martha. These are the essential facts; and on them we think there should have been a finding and judgment for the appellant.

The first inquiry that naturally arises in the case is,

whether any right, title, or interest passed by the deed from Mrs. Hudson to Martha and James Shumaker. This must be answered in the negative. Mrs. Hudson being a married woman, her conveyance, her husband not joining therein, was absolutely void, not only as a conveyance, but as a contract or agreement to convey. *Stevens* v. *Parish*, 29 Ind. 260. The deed in question not only did not vest any title in Martha and James Shumaker, but it did not vest any right or equity in them that the law could in any manner enforce. *Baxter* v. *Bodkin*, 25 Ind. 172.

Mrs. Shumaker having no title or equity in the premises, she could convey none to Johnson, although her husband joined her in the deed. The deed from Mrs. Shumaker and her husband to Johnson purports to convey to him only their interest in the premises; and as they had no interest, either legal or equitable, nothing, of course, passed by the deed.

Up to the time of the conveyance by Mrs. Hudson and her husband to Martha Shumaker, the title to the premises, both legal and equitable, remained in Mrs. Hudson; and that title passed by this deed to Mrs. Shumaker. The title thus conveyed to Mrs. Shumaker still remains in her, unless it passed to Johnson, on the principle of estoppel, by virtue of her former deed to him, executed in conjunction with her husband.

It has been held in a large number of cases, that, as a general rule, a deed with covenants of warranty will pass to the grantee a title subsequently acquired by the grantor; and this is sometimes, though not always, put upon the ground of avoiding circuity of action. Rawle on Cov., 3d ed., 410, *et seq.*

But it is insisted by the appellant that the principle can have no application to this case, because, first, there are no covenants in the deed from Mrs. Shumaker and her husband to Johnson, and, second, Mrs. Shumaker being a married woman at the time of the execution of the deed, she could not be bound by any covenants, and, consequently, could not be estopped by them.

It is, perhaps, not advisable to discuss at any length the question whether a married woman is thus estopped by her covenants, inasmuch as that question is not presented by the case under consideration. It may be observed, however, that the authorities on this point are not entirely harmonious. *Vide* cases collected in Rawle, 433; also *Jackson* v. *Vanderheyden*, 17 Johns. 167; *Wight* v. *Shaw*, 5 Cush. 56; *Aldridge* v. *Burlison*, 3 Blackf. 201, and notes. Our statute provides, that "the joint deed of the husband and wife shall be sufficient to convey and pass the lands of the wife, but not to bind her to any covenant therein." 1 G. & H. 258, sec. 6. Perhaps it may be concluded that, under this statute, a married woman is not estopped by her covenants, considered merely as covenants. Whether she might not be estopped, in a proper case, on principles hereafter stated, we need not determine.

We have seen that the deed from Mrs. Shumaker and her husband to Johnson simply purports to convey to the latter "their entire interest" in the premises. It does not purport to convey any particular interest or estate, nor does it in any manner affirm that they have any interest or estate in the premises, either particular or general. In such case, though there were covenants in the deed, and though Mrs. Shumaker were not laboring under the disability of coverture, the authorities establish the proposition that she is not estopped by the conveyance.

We quote a passage from the author above cited: "There is still another qualification to the doctrine of estoppel being caused by the covenant of warranty, which is that where the deed does not, on its face, purport to convey an indefeasible estate, but only 'the right, title, and interest' of the grantor, even although the deed may contain a general covenant of warranty, yet, in cases where that covenant is held to be limited and restrained by the estate conveyed and not to warrant a perfect title, the doctrine of estoppel has been held not to apply; in other words, although a warranty is invested with the highest functions of an estoppel, in passing, by mere opera-

tion of law, an after-acquired estate, yet it will lose that attribute when it appears that the grantor intended to convey no greater estate than he was possessed of." Rawle, 417, 418.

The law of estoppel arising from conveyances was very fully considered by the Supreme Court of the United States in the case of case of *Van Rensselaer* v. *Kearney*, 11 How. 297, and the doctrine there settled that will go far towards reconciling many of the decisions that are in apparent conflict. Mr. Justice NELSON, in delivering the opinion of the court, says, "The general principle is admitted, that a grantor, conveying by deed of bargain and sale, by way of release or quitclaim of all his right and title to a tract of land, if made in good faith and without any fraudulent representations, is not responsible for the goodness of the title, beyond the covenants in his deed.   *  *   A deed of this character purports to convey, and is understood to convey, nothing more than the interest or estate of which the grantor is seized or possessed at the time, and does not operate to pass or bind an interest not then in existence. The bargain between the parties proceeds upon this view; and the consideration is regulated in conformity with it. If otherwise, and the vendee has contracted for a particular estate, or for an interest in fee, he must take precaution to secure himself by the proper covenants of title. But this principle is applicable to a deed of bargain and sale by release or quitclaim, in the strict and proper sense of that species of conveyance. And therefore, if a deed bears on its face evidence that the grantors intended to convey, and the grantee expected to become invested with, an estate of a particular description or quality, and that the bargain had proceeded upon that footing between the parties, then, although it may not contain any covenants of title in the technical sense of the term, still the legal operation and effect of the instrument will be as binding upon the grantor and those claiming under him, in respect to the estate thus described, as if a formal covenant to that effect had been inserted; at least as far as to estop them from ever afterward denying that he was seized of the par-

ticular estate at the time of the conveyance." After citing and discussing many authorities, the opinion proceeds as follows: "The principle deducible from these authorities seems to be, that, whatever may be the form or nature of the conveyance used to pass real property, if the grantor sets forth on the face of the instrument by way of recital or averment that he is seized or possessed of a particular estate in the premises, and which estate the deed purports to convey; or, what is the same thing, if the seizin or possession of a particular estate is affirmed in the deed, either in express terms or by necessary implication, the grantor and all persons in privity with him shall be estopped from ever afterwards denying that he was so seized and possessed at the time he made the conveyance. The estoppel works upon the estate, and binds an after-acquired title as between parties and privies. The reason is, that the estate thus affirmed to be in the party at the time of the conveyance must necessarily have influenced the grantee in making the purchase, and hence the grantor and those in privity with him, in good faith and fair dealing, should forever thereafter be precluded from gainsaying it."

We have quoted largely from the opinion in this case, because it puts the estoppel upon quite different ground from that assumed in many of the cases, and assimilates the principles that govern it to those governing ordinary estoppels *in pais.* The estoppel, in this view, is not made to depend upon the presence or absence of covenants. Perhaps a married woman who executes a deed with covenants, say the covenant of seizin, or our statutory warranty, although not bound by the covenants as such, would be estopped on the principles above enunciated. We, however, intimate no opinion on the question.

We think it to be quite clear from the foregoing authorities, that such a deed as was executed by Mrs. Shumaker and her husband to Johnson, purporting to convey nothing but their interest in the premises, whatever that interest might be, without any affirmation as to the character of the

interest, or that they had any interest in the premises, cannot estop her from setting up her after-acquired title.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to proceed in accordance with this opinion.

*C. Foley*, for appellant.

*W. A. McKenzie*, for appellee.

