## LIGHT *v.* LANE ET AL.

REAL ESTATE.— *Void Marriage.*—*Conveyance by Parties as Husband and Wife. Bond of Married Woman.*—A man died, leaving a widow and infant daughter. The widow, in good faith, entered into what she believed to be a valid marriage contract, and with her supposed husband conveyed the real estate received from her former husband to A. The infant daughter married, and with her husband, also a minor, executed a title bond to A. to convey her interest in the same property, on attaining full age. The marriage of the widow was void, by reason of the prior undissolved marriage of the man with whom she supposed she had contracted marriage. Proceeding for partition of the land, said daughter and her husband being still minors.

*Held,* that the deed executed by the widow conveyed all her interest in the property, she being a *feme sole,* and there being no allegation of inadequacy of consideration, or that any fraud was practised by the purchaser. The third section of the statute, 2 G. & H. 348, which declares the issue of such marriage, begotten before the discovery of the disability, to be legitimate, does not change the relation of the parties to the marriage as to each other.

*Held,* also, that the interest of the daughter was in no way affected by the title bond to convey on arriving at full age. Without regard to the question of minority, it was sufficient that, being a married woman, she could not enter into an executory contract.

APPEAL from the Knox Circuit Court.

WORDEN, J.—This was a proceeding for the partition of certain lands described in the complaint, of which one William S. Bruce died seized. The appellant, Sanders Light, was made a party, and he set up claims to portions of the land. The cause was tried by the court, and the facts were found specially, and the conclusions of law thereon. Light excepted to the conclusions of law, and brings the cause here for revision. He has assigned for error the supposed erroneous conclusions of law.

The facts found, upon which the questions involved in this appeal arise, are as follows:

That said William S. Bruce left his widow, Elizabeth Bruce, called in this record Elizabeth Lane, and amongst other children, Isabel Riggs, intermarried with William Riggs; that after the death of Bruce, his widow, Elizabeth, intermarried at said county with one Thomas Lane, and that afterward said Thomas Lane bargained with the appellant, Sanders Light, for the sale to the latter of the interest of

said Elizabeth, as widow of said deceased, in said real estate, and that said Thomas and Elizabeth executed to the appellant a deed purporting to convey to him the interest aforesaid, and acknowledged the execution thereof before a justice of the peace; that at the time of the execution of the conveyance, the said Thomas and Elizabeth were living together as husband and wife; that said Elizabeth and said Sanders then believed that she was the ·lawful wife of said Thomas Lane; that she made said deed, and the said Sanders accepted the same in the faith and belief that she was such lawful wife; that she is described in said deed and acknowledgement as the wife of said Thomas Lane; that in fact the said Elizabeth was not the lawful wife of said Thomas Lane, for the reason that he then had a wife living, to whom he had been married prior to his marriage with the said Elizabeth. Said Elizabeth is now divorced from Thomas.

It was further found that said William Riggs and Isabel, his wife, on, etc., executed to Sanders Light a title bond for the consideration of thirty-five dollars in hand paid, and thirty-five dollars to be thereafter paid, conditioned that they would, on arriving at twenty-one years of age, convey the interest of said Isabel, the one undivided sixth, in said land, to the said Sanders Light; that at the time of the execution of said bond, the said William and Isabel ·were, and still are, under twenty-one years of age, and said Light had then and there notice thereof, and they have not executed any deed in pursuance of said bond.

The court found, as a conclusion of law, "that said deed from Thomas and Elizabeth Lane to said Sanders Light was and is void as against the said Elizabeth, and conferred no title to said Light; that said title bond is void as against said Isabel Riggs, and confers no title or interest upon said Light; that the said Elizabeth Lane is the owner in fee of one undivided third," etc.; and "that said Sanders Light has no interest or estate in said lands." Judgment accordingly.

The errors asigned question the correctness of the con-

clusions of law in respect to the interest of the appellant in the land.

We are of opinion that the court erred in holding the deed from Thomas and Elizabeth Lane to be void, and that it conferred no title upon Light, and that the latter had no interest in the land.

The marriage between the said Thomas and Elizabeth, he then having a former wife living, was absolutely void without any legal proceedings to declare it so. 2 G. & H. 348, sec. 1. The third section of the same act provides, that "when either of the parties to a marriage void because a former marriage exists undissolved, shall have contracted such void marriage in the reasonable belief that such disability did not exist; the issue of such marriage begotten before the discovery of such disability by such innocent party shall be deemed legitimate." But this does not render the marriage in any sense valid. This provision does not affect the relation of the parties to such void marriage as regards each other, but only fixes the *status* of the offspring.

The marriage being thus absolutely void, the deed is as effectual to convey the interest of the said Elizabeth as if she had never entered into it. Where a widow marries a second or subsequent time, holding real estate in virtue of any previous marriage, she cannot, during such second or subsequent marriage, either with or without the assent of her husband, alienate it. 1 G. & H. 294, sec. 18.

Here was a void marriage, or, what is the same thing, no marriage at all, and the widow was in no manner restrained from alienation.

The fact that Thomas united with her in the deed, she having the right to alienate her interest, cannot have the effect of destroying the efficacy of the deed as to her.

There is no complaint that the consideration was inadequate, or that Light practised any fraud in the matter. We are of opinion that the deed executed by the said Elizabeth, in conjunction with said Thomas Lane, conveyed to the

appellant, Light, the interest which the widow had in the premises.

We pass now to the interest supposed to have been vested in the appellant by the title bond executed by William and Isabel Riggs, and in this respect we are of opinion that the court committed no error. It appears that at the time of the execution of the bond, and at the time of the trial below, Riggs and his wife were both minors. It is insisted by the appellant that the contract of minors is voidable merely, and not void, and that it may be ratified or avoided when they become adults. We shall not examine the effect of the minority of the obligors, as there is another element in the case, so far as Isabel Riggs is concerned, that is decisive of it.

The land, the conveyance of which was stipulated for by the title bond, belonged to Isabel. At the time of the execution of the bond she was a married woman, and, therefore, incapable of making a valid executory contract for the conveyance of her real estate. In *Stevens* v. *Parish*, 29 Ind. 260, it is said that "an executory contract by the wife, or by the husband and wife, for the sale of her land, is not binding on her; nor is it in the power of the husband, or the court, to compel the wife to join her husband in a deed conveying her lands. If she voluntarily joins with her husband in a conveyance thereof by deed, her title is thereby divested. She is bound by such an executed conveyance thereof, but by no other mode of contract."

The judgment below must be reversed so far as it awards to Elizabeth Lane the interest which she, as the widow of William S. Bruce, derived from her said deceased husband, and so far as it withholds said interest from the appellant. In all other respects it must be affirmed. The judgment being reversed as to one of the appellees, and affirmed as to the others, the costs herein should be paid equally by the appellant and the said Elizabeth Lane.

The judgment is reversed as to Elizabeth Lane, and as to the other appellees it is affirmed, with costs, as above indi-

cated, and the court below is directed to render judgment on the finding in accordance with this opinion.

*J. C. Denny, G. G. Reiley,* and *W. C. Johnson,* for appellant.

*C. M. Allen, N. Usher, W. R. Gardiner,* and *S. Coulson,* for appellees.