## HAMAR v. MEDSKER ET AL.

CONVEYANCE BY MARRIED WOMAN.—*Mistake.—When Corrected.*—Where a married woman, owning real estate, has sold, and received the purchase-money for, the same, and has, with her husband, executed a conveyance thereof in pursuance of the statute of this State, a mistake in the description of the lands intended to be conveyed will be corrected either against her, or, on her decease, against her heirs.

SAME.—*Statutory Defect.*—Such a conveyance will not be corrected, where the defect is a want of compliance with a statutory requirement.

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellant.

WORDEN, J.—This was an action by the appellant, against the appellees, who were the children and heirs at law of Mary J. Medsker, deceased, and against Jacob Medsker, the surviving husband of the deceased.

The complaint alleged, in substance, that, on the 19th day of August, 1871, said Mary J. Medsker, now deceased, was the owner, in her own right, of certain real estate situate in the county of Hamilton, and State of Indiana, being forty acres, more or less, which is fully described by metes and bounds; that on that day the plaintiff purchased the same of her for the sum of one thousand six hundred dollars, in hand paid to said Mary J., and on the same day, in pursuance of his purchase, took possession of the land; that, on the same day, the said Mary J. Medsker, together with her husband, Jacob Medsker, in order to convey to the plaintiff the land so purchased by him, executed a conveyance to him, duly signed, sealed and acknowledged by said Mary J. and her said husband; that, by mistake of the draftsman who wrote the deed, the description of the land therein was defective, in this, that, after the words " commencing eighty rods west," the words " of the south-east corner of the south-east quarter " were omitted, and that in consequence the starting-point, in describing the metes and bounds of said tract of land, was inaccurately stated; that the tract of land herein first described is the identical tract of land intended to be conveyed by said deed at the time of the execution thereof by all the parties thereto, being the same tract that he purchased, paid for and took possession of as before stated; that the plaintiff put his deed upon record, and did not discover the defect in the description until after the death of said Mary J.

Prayer for a reformation of the deed and the correction of the mistake.

Jacob Medsker, the husband of the deceased, made default, and as to him no question arises in the record.

A guardian *ad litem* was appointed for the other defendants, who were the minor heirs of the deceased, and on their behalf he filed a demurrer to the complaint, for want of sufficient facts. The demurrer was sustained

and final judgment rendered in favor of the demurring parties. Exception and appeal.

It is within the general jurisdiction of a court of equity to grant relief by reforming written instruments, and correcting mistakes therein; and the relief is afforded perhaps more frequently in cases of mistake in the description of land intended to be conveyed, than in any other class of cases.

We have no brief for the appellees, and are, therefore, not advised in what particular the complaint was supposed to be defective. We see no objection to the complaint, however, if the alleged mistake can be corrected, and the deed reformed, as against a married woman, or, in case of her death, against her heirs. We infer that the demurrer was sustained on the ground, that, in the opinion of the court below, the mistake could not be corrected as against a married woman, and therefore could not, as against her heirs.

We have the following statutory provision, viz.:

"No lands of any married woman, shall be liable for the debts of her husband; but such lands and the profits therefrom, shall be her separate property, as fully as if she was unmarried: *Provided,* That such wife shall have no power to encumber or convey such lands, except by deed, in which her husband shall join." 1 R. S. 1876, p. 550, sec. 5.

This provision has been so far modified, by another statute, as that a seal is dispensed with in instruments executed by husband and wife, as in other cases. *The American Insurance Co.* v. *Avery, post,* p. 566.

Doubtless the lands of a married woman can be conveyed or encumbered in no other mode than that prescribed by the statute; and her agreements in relation thereto, not executed in the manner prescribed by the statute, are void. *Baxter* v. *Bodkin,* 25 Ind. 172; *Stevens* v. *Parish,* 29 Ind. 260; *Shumaker* v. *Johnson,* 35 Ind. 33; *Behler* v. *Weyburn,* 59 Ind. 143; *The American Insurance*

Co. v. Avery, supra; Glidden v. Strupler, 52 Pa. State, 400; Dickinson v. Glenney, 27 Conn. 104.

Where a married woman has attempted to convey her estate, but the conveyance is defective for want of compliance with the requisites of the statute, a court of equity will not lend its aid.

In such case, the court will not require her to make a conveyance in accordance with the requirements of the statute, as this would not only contravene the policy of the law, but it would be requiring her to make such a contract as she herself has not made.

Nor is there, in such case, any valid contract that can be enforced by way of specific performance, because the feme covert is incapable in law of making such contract except in the manner prescribed by the statute. Dickinson v. Glenney, supra.

But where, as in this case, a married woman has sold her land and received the purchase-money, and has executed a deed intended to convey the same, in conjunction with her husband, in all respects in accordance with the statute, and perfect except in the description of the land sold and intended to be conveyed, we think the mistake in the description may be corrected as against her, and, of course, as against her heirs.

If such mistake could not be corrected, gross wrong and injustice would result. It is scarcely necessary to say that it would be grossly unjust for her to retain the purchase-money and also the land.

By the reformation of the deed and the correction of the mistake, the object and policy of the statute are not contravened or thwarted.

A deed has been executed by the wife, in conjunction with her husband, for the land intended to be conveyed. This satisfies the requirements of the statute, and the title of the purchaser ought not to be defeated by the mistake in the description of the land intended to be thereby conveyed.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to overrule the demurrer to the complaint, and for further proceedings.