## RICHARDS *v.* O'BRIEN ET UX.

MARRIED WOMAN.—*Promissory Note.— Contract.—Stipulation to Pay, out of Separate Property.*—A promissory note or parol contract by a married woman, stipulating for the payment, out of her separate property, of the price of a piano purchased by her, can not be enforced against either her or the rents of her separate property.

From the Benton Circuit Court.

*D. E. Straight* and *U. Z. Wiley*, for appellant.

*T. L. Merrick* and *H. S. Travis*, for appellees.

PERKINS, J.—We take the following statement of the case from the brief of appellant:

"The question in this cause is, whether the rents and profits of a married woman's separate estate can be subjected to the payment of her note, where, by the note itself, she agreed to pay, from her own separate property, the amount stated therein.

"The facts presented by the record are as follows: Action was brought by the appellant, against appellees, upon a note executed by Mary O'Brien, and purporting to be endorsed by John O'Brien, in which Mary O'Brien promised to pay, ' out of her own separate property,' etc.; also a balance of ten dollars, unpaid purchase-money of the article purchased, not included in the note.

"The complaint, in the nature of a bill in equity, in substance alleges that Mary O'Brien, at the time of the execution of the note, was and still is a married woman, the wife of her codefendant, John O'Brien; that she was and still is the owner, in her own right, of a large amount of real estate and personal property, describing the real estate and giving its estimated value, from which large amounts of rents and profits were received annually; that she owned a considerable amount of personal property, arising from the rents and profits of her said farm; that John O'Brien was not then, nor is he at the present time,

the owner of any property that could be subjected to the payment of debts, and in fact was insolvent; that Mary O'Brien, as becoming her station and circumstances in life, desired to purchase a piano for the use of herself and daughters; that complainant being informed in the premises, and relying upon the responsibility of Mary O'Brien and her promise to pay out of her own separate property, sold her a piano for $450, $50 of which was to be paid in a short time, same as cash down, and for the balance giving her two notes for $200 each, dated December 10th, 1874, pledging and intending to bind and charge her separate property to the payment of the same, of one of which the following is a copy, to wit:

"' $200.        FOWLER, IND., Dec. 10th, 1874.

"' One year after date I promise to pay to the order of E. D. Richards, out of my own separate property, two hundred dollars,' etc.            ' MARY O'BRIEN.'

"In consideration of which note and the other note aforesaid, together with the fifty dollars to be paid in cash, complainant sold and delivered said piano to Mary O'Brien, for her especial use and benefit, etc.; that Mary O'Brien has paid $40 upon the $50 that was to be paid down, leaving a balance of $10, which, together with the amount of the above note and interest, etc., making the amount now due and unpaid the sum of $285, which amount said Mary O'Brien promised to pay out of her separate property, and in equity and good conscience ought to be paid by her; that Mary O'Brien now is the owner of the real estate aforedescribed, and a large amount of corn raised upon said premises, to wit, 2,500 bushels, as well as a large amount of other personal property aforesaid. Wherefore complainant claims $300, and demands judgment, and that an account be taken to ascertain the amount; and that the court order and decree that the separate property of Mary O'Brien, arising from the rents and profits of her separate estate, or

so much thereof as may be necessary, be subjected to the payment, etc., and in case of failure, etc., that a receiver be appointed to apply the profits," etc.

" Defendants demurred separately to the complaint, on the ground of not stating facts sufficient, etc. Demurrer sustained as to Mary O'Brien, to which ruling the plaintiff excepts. Judgment on the demurrer against plaintiff.

"Appellant assigns as error the sustaining, by the court below, of the demurrer of Mary O'Brien to plaintiff's complaint."

The contract sued on in this case was one that could not be enforced against Mary O'Brien, nor be made a charge upon her separate estate. *The American Insurance Co.* v. *Avery*, 60 Ind. 566. This case is directly in point. *Behler* v. *Weyburn*, 59 Ind. 143.

The judgment is, affirmed, with costs.