T. T. Hord and W. W. Burton, for appellant.

Herod & Winter, for appellee.

---

ELIZABETH A. MILLER v. OLIVER ALBERTSON ET AL.

*Contract of Married Women Prior to Act of* 1879.—Previous to the act of March 25, 1879, concerning married women, a married woman could not bind herself, or her heirs, in any way, by an executory contract for the sale of real estate.

Filed May 26, 1881.

Appeal from Montgomery Circuit Court.

Opinion of the court by Mr. Justice Niblack.

This was an action for a specific performance of a contract for the sale of real estate.

The plaintiffs, Oliver Albertson, Ellen Albertson and Mary Ellen Albertson, averred in their complaint that in September, 1857, the said Oliver Albertson and one William Albertson, jointly purchased of Thomas D. Elliott and Sarah Ann Elliott certain lands in Montgomery county, of this State, for the sum of three hundred dollars; that the said Thomas D. Elliott, at the time, executed to the said Oliver Albertson and William Albertson a title bond obligating himself to make a quit-claim deed to said lands to the obligees, on or before the 25th day of December, 1858, which bond was filed with the complaint; that the purchase of said lands was also made with the said Sarah Ann Elliott, who was the wife of the said Thomas D. Elliott, and with her full knowledge and consent; that it was the understanding of all the parties that she was a party to such contract of sale, and that she did not sign the title bond by reason of neglect and sickness with which she became afflicted; that the said William Albertson, on the 7th day of January, 1859, died intestate, leaving the said Ellen Albertson, as his widow, and the said Mary Ellen Albertson, as his daughter, surviving him; that on the 2d day of February, 1864, the said Sarah Ann Elliott also died intestate, leaving James Elliott and Elizabeth A. Elliott, who were minors under the age of twenty-one years, surviving her, and without having conveyed or having made any provision for the conveyance of said lands in accordance with her said contract for the sale thereof; that the said Thomas D. Elliott, though often requested, had never conveyed such lands as he had obligated himself to do by his said title bond; that the said Oliver Albertson and William Albertson had taken possession of the lands so purchased by them under their contract of purchase, and had made valuable and lasting improvements thereon, and had also fully paid the purchase-money therefor.

James Elliott and Elizabeth A. Elliott, by their guardian ad litem, demurred to the complaint for want of sufficient facts, but their demurrer was overruled.

Issue being joined, the court, at its March term, 1867, made a finding for the plaintiffs, and over a motion for a new trial, decreed a conveyance of the lands in controversy to the plaintiffs, which conveyance was accordingly made by a commissioner duly appointed for that purpose.

The defendant, Elizabeth A. Elliott, having in the meantime intermarried with one Charles F. Miller, and having, on the 15th day of May 1878, arrived at full age, has appealed from the proceedings and judgment, set out as above, and has assigned error upon the overruling of the demurrer to the complaint, and upon the refusal of the court to grant a new trial in the cause.

The death of Oliver Albertson has also been suggested, and the proper persons have been substituted for him as parties to this appeal.

The demurrer to the complaint ought to have been sustained. It contained no cause of action whatever, against the defendant, James Elliott and Elizabeth A. Elliott, conceding them to have been the children of Sarah Ann Elliott, which was not expressly averred.

No principle of law is better settled than that a married woman could not, previous to the act of March 25, 1879, concerning married women, bind herself in any way by an executory contract for the sale of real estate. *Condit* v. *The Commissioners of Newton County*, 25 Ind. 422; *Davis* v. *Clark*, 26 Ind. 424; *Stevens* v. *Parish*, 29 Ind. 260; *Behler* v. *Weyburn*, 59 Ind. 143; *Williams* v. *Wilbur*, 67 Ind. 42; *Wooden* v. *Wampler*, 69 Ind. 88.

The complaint, therefore, failed to show a binding contract upon Sarah Ann Elliott for the conveyance of the lands sued for. Hence no obligation resting upon her heirs to make such a conveyance could be inferred from the facts alleged in the complaint.

The evidence at the trial did not make as strong a case against the defendants, James Elliott and Elizabeth A. Elliott, as did the allegations of the complaint, nor was the title bond introduced in evidence against Thomas D. Elliott, the other defendant.

The complaint was so radically defective, and the proceedings upon it were so erroneous, that we are of the opinion that the judgment ought to be reversed as to all the defendants below.

The judgment is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

Willson & Willson, for appellant.

Button & Bruner, for appellee.