No. 9257.

PARKS ET AL. *v.* BARROWMAN ET AL.

MARRIED WOMAN.—*Executory Contract to Convey Realty.*—*Estoppel.*—A wife has no power to make an executory contract for the conveyance of her real estate, and before the enactment of 1881, sections 5115 *et seq.,* R. S. 1881, could not by conduct estop herself from asserting title.

SAME.—*Husband and Wife.*—*Separate Deed of Husband.*—*Specific Performance of Parol Contract.*—The separate deed of a husband for his wife's land is void, neither passing title to nor creating an equity in favor of the grantee, and consequently the executory contract of husband and wife to convey her land can not be specifically enforced against either or both of them.

From the Fountain Circuit Court.

*J. W. Copner* and *J. Clark,* for appellants.

*W. A. Tipton* and *S. F. Wood,* for appellees.

Woods, J.—Complaint for specific performance of a married woman's parol agreement, made through the agency of her husband, for the conveyance of her real estate. The court sustained a demurrer, for want of facts, to the complaint, and, upon the refusal of the plaintiffs to amend, gave judgment for the defendants.

Besides alleging the making of the agreement, and showing that the parties to it were, at the time of making it, married women, the complaint shows the payment of the purchase-money in part, and readiness to pay the remainder, the delivery and taking possession under the contract, the making of permanent improvements by the plaintiff upon the property, of the value of $1,500, and the subsequent conveyance of the property to third parties, who had notice of the rights of the plaintiff, and who are made parties defendants. The action was commenced in May, 1880.

Under the law as it then was, and had been, a married woman had no power to enter into executory contracts for the conveyance of her real estate. *Stevens* v. *Parish*, 29 Ind. 260 ; *Shumaker* v. *Johnson*, 35 Ind. 33 ; *Mattox* v. *Hightshue*, 39 Ind. 95 ; *Kinnaman* v. *Pyle*, 44 Ind. 275 ; *Miller* v. *Albertson*, 73 Ind. 343. She could not, by conduct, estop herself from asserting her title. *Behler* v. *Weyburn*, 59 Ind. 143 ; *Hamar* v. *Medsker*, 60 Ind. 413 ; *American Ins. Co.* v. *Avery*, 60 Ind. 566 ; *Unfried* v. *Heberer*, 63 Ind. 67,; *Richards* v. *O'Brien*, 64 Ind. 418 ; *Williams* v. *Wilbur*, 67 Ind. 42 ; *Suman* v. *Springate*, 67 Ind. 115 ; *Liberty Tp.*, etc., *Ass'n* v. *Watkins*, 72 Ind. 459 ; *Miller* v. *Albertson*, *supra* ; *Brandenburg* v. *Seigfried*, 75 Ind. 568.

It is contended that the husband had capacity to contract, and is therefore bound ; but the husband's deed of the wife's land, she not joining, would amount to nothing, and he can not be compelled to join her in the conveyance of her separate real estate. *Stevens* v. *Parish*, *supra* ; *Scranton* v. *Stewart*, 52 Ind. 68, 90.

By the act of 1881, whereby "All the legal disabilities of

married women to make contracts are hereby abolished," except as in the act otherwise specified, it is provided that "she shall not enter into any executory contract to sell or convey or mortgage her real estate, nor shall she convey or mortgage the same, unless her husband join in such contract, conveyance, or mortgage : *Provided, however,* That she shall be bound by an estoppel *in pais,* like any other person."

Under the law as it was before this enactment took effect, it is clear that the decision of the circuit court was right.

Judgment affirmed.