No. 11,332.

## WILHITE ET AL. *v.* HAMRICK.

MARRIED WOMAN.—*Estoppel in Pais.—Construction of Statute.*—Under the law of this State, prior to September 19th, 1881, a married woman could not, during the coverture, estop herself by her speeches and conduct from asserting title to her lands or divest herself of such title; and section 5117, R. S. 1881, which then took effect, and which provides that a married woman "shall be bound by an estoppel *in pais*, like any other person," is prospective and not retroactive in its effect and operation.

REAL ESTATE, ACTION TO RECOVER.—*Answer of Fraud.—Statute of Limitations.—Reply.*—Where, in an action for the recovery of real estate, the defendant answers that the conveyances, under which the plaintiff claims title, were executed for the purpose of hindering, delaying and defrauding the creditors of the original grantor, a reply that the alleged fraud in such conveyances, if any, was committed more than six years before the commencement of the suit, is bad on demurrer for the want of facts, for the reason that the limitation pleaded is not applicable to an answer or matter of defence.

SAME.—*Title.—Sheriff's Sale.—Sheriff's Deed.—Sufficiency of Answer.*—Where, in such answer, the defendant claims title under a sheriff's sale of the real estate, the answer is insufficient if it fail to show a sheriff's deed in pursuance of such sale, for the sheriff's deed is necessary to the completion of his title.

PLEADING.—*Answer.—Reply.—Demurrer.*—A bad reply is a good enough reply to an insufficient answer, and a demurrer to such reply ought to be carried back and sustained to such answer.

From the Hendricks Circuit Court.

*L. M. Campbell,* for appellants.

*J. V. Hadley, E. G. Hogate* and *R. B. Blake,* for appellee.

HOWK, C. J.—This was a suit by the appellee, Ellen O. Hamrick, against the appellants, William Wilhite and Melvin Harkrider, to recover the possession of certain real estate, particularly described, in Hendricks county. The complaint was in the usual statutory form in such cases. The appellants jointly answered in four paragraphs. The appellee's demurrer was sustained to the first paragraph of such answer. Appellee replied specially to the fourth paragraph of answer,

and appellants' demurrer to this reply was overruled by the court. To this ruling the appellants excepted and refused to plead further; and thereupon the court rendered judgment in appellee's favor for the recovery of the real estate described in her complaint.

Errors are assigned by the appellants, in this court, which call in question the decisions of the circuit court (1) in sustaining the demurrer to the first paragraph of their answer, and (2) in overruling their demurrer to the reply to the fourth paragraph of their joint answer.

Before considering any of the questions arising under either of these alleged errors, it may be premised that the appellee averred in her complaint, which was filed and this suit commenced on the 23d day of April, 1883, that she was then, and had been for eighteen years then last past, a married woman and the wife of one James W. Hamrick. Perhaps, this averment is out of its place in appellee's complaint, and ought to have appeared in her reply; but counsel on both sides, below and in this court, have treated the appellee's continuous coverture for eighteen years, as properly pleaded and shown in her complaint, and we will so consider it.

In considering the alleged error of the court, in sustaining a demurrer to the first paragraph of answer, the first point made in argument by the appellants' counsel is, that the facts stated in this paragraph show that the appellee has lost, and is precluded from asserting, her alleged title to and right to the possession of the real estate in controversy, by an equitable estoppel *in pais.* It is to be observed that all the facts stated in such paragraph of answer, which, counsel claim, constituted such estoppel *in pais,* occurred or transpired prior to the 19th day of September, 1881, on which day "an act concerning husband and wife," approved April 16th, 1881, took effect and became a law. In section 2 of this act, being section 5117, R. S. 1881, it is provided that a married woman "may, in her own name, as if she were unmarried, at

any time during coverture, sell, barter, exchange, and convey her personal property; and she may also, in like manner, make any contracts with reference to the same; but she shall not enter into any executory contract to sell or convey or mortgage her real estate, nor shall she convey or mortgage the same, unless her husband join in such contract, conveyance, or mortgage: *Provided, however,* That she shall be bound by an estoppel *in pais,* like any other person."

Before the taking effect of this section of the statute, it was settled law in this State that a married woman could not in any manner, during the coverture, convey or encumber her separate real estate, except by her deed or mortgage in the execution of which her husband should join. The cases are numerous, in the reported decisions of this court, wherein it was held that a married woman could not, during the coverture, estop herself by her oral speeches or conduct from asserting title to her lands, or divest herself of such title. *Behler* v. *Weyburn,* 59 Ind. 143; *Hamar* v. *Medsker,* 60 Ind. 413; *American Ins. Co.* v. *Avery,* 60 Ind. 566; *Unfried* v. *Heberer,* 63 Ind. 67; *Richards* v. *O'Brien,* 64 Ind. 418; *Williams* v. *Wilbur,* 67 Ind. 42; *Suman* v. *Springate,* 67 Ind. 115; *Liberty Township, etc., Ass'n* v. *Watkins,* 72 Ind. 459; *Miller* v. *Albertson,* 73 Ind. 343; *Brandenburg* v. *Seigfried,* 75 Ind. 568; *Parks* v. *Barrowman,* 83 Ind. 561.

Appellants' counsel concedes, as we understand his argument, that under the law of this State, as it existed prior to the taking effect of section 5117, *supra,* a married woman could not divest herself of the title to her lands by an estoppel *in pais.* But counsel contend, with much earnestness, that "the proviso of section 5117 means what it says, and that it took from the appellee entirely the disability of coverture." In other words, counsel claims that the proviso in question is retroactive in its effect and operation, in so far that the oral speeches or conduct of a married woman, prior to September 19th, 1881, when the proviso took effect, will since that date

bind her as "an estoppel *in pais,* like any other person."
We are of the opinion, however, that no such effect or opera-
tion can, or ought to, be given to such proviso.   The gram-
matical construction of the proviso, the mood and tense of
the only verb therein, show clearly the legislative intent to
have been that *thereafter* a married woman should "be bound
by an estoppel *in pais,* like any other person." It is a maxim
of the law, that statutes must be construed prospectively, un-
less they plainly import a different intention on the part of
the Legislature.   *Pritchard* v. *Spencer,* 2 Ind. 486; *Hopkins*
v. *Jones,* 22 Ind. 310; *Dale* v. *Frisbie,* 59 Ind. 530.   There
is nothing in the statute under consideration which can be
said to plainly import an intention on the part of the Legis-
lature that such statute should be retroactive in its effect and
operation.   Cooley Const. Lim. (5th ed.) p. 456.

Our conclusion is that the court did not err in sustaining
appellee's demurrer to the first paragraph of appellants' an-
swer.

The fourth paragraph of the appellants' answer stated sub-
stantially that the two deeds under which the appellee claimed
title to the real estate in controversy were fraudulent and
void. These deeds were each dated, on the 1st day of March,
1870, of which one was executed by appellee and her husband
James W. Hamrick, to one William G. Homan, trustee for
appellee Emma O. Hamrick, and the other deed was executed
by said Homan, trustee, to the appellee.   It was averred that
these two deeds were at their dates, and still were at the com-
mencement of this suit, as against the creditors of appellee's
husband James W. Hamrick, fraudulent and void, in this,
that he, James W. Hamrick, was then and there indebted in,
to wit, the sum of $10,000, and had not, at the dates of such
deeds, sufficient property to pay his debts, nor did he have at
any time for five years thereafter sufficient property remain-
ing after the execution of such deeds to pay his debts.   It
was further averred that before and at the dates of such two

deeds a suit was pending against James W. Hamrick in the Hendricks Circuit Court, wherein the plaintiff Jeremiah Johnson afterwards, on the 12th day of April, 1870, recovered judgment against the defendant Hamrick for the sum of $560; and that, pending such suit, the appellee and her husband and William G. Homan, combining and confederating for the purpose of hindering, delaying and defrauding the creditors of James W. Hamrick, and especially Jeremiah Johnson, executed the two deeds aforesaid on March 1st, 1870, by which it was attempted to convey the real estate in controversy to the appellee. It was further alleged, that, by virtue of an execution issued on such judgment in favor of Jeremiah Johnson, the sheriff of Hendricks county levied upon and sold such real estate as the property of James W. Hamrick to one Washington West, who, for a valuable consideration, afterwards assigned the certificate of sale in 1872 to one Cyrus Hunt. It is not averred that the sheriff of the county, in pursuance of such sale, has ever conveyed the real estate either to Hunt or to any other assignee of the certificate of sale. But it was alleged that on April 15th, 1872, before the expiration of the time allowed by law for redemption from such sale, the appellee being then in possession of the real estate, in consideration of $100 to her then paid, surrendered such possession to Cyrus Hunt, the holder of the certificate; and that afterwards the real estate and the possession thereof were duly transferred and conveyed by and through certain mesne conveyances to the appellants. "Wherefore they demand judgment for costs."

To this paragraph of answer the appellee replied that the two deeds averred to be fraudulent and void were executed more than six years before this action was begun, and the alleged fraud therein, if any, was committed more than six years before the bringing of this action.

Did the court err in overruling appellants' demurrer to this reply? This is the only question remaining for decision. If

the fourth paragraph of answer is to be regarded as a cross complaint, the reply would undoubtedly be good; for, in that event, the appellants must be regarded as simply asserting in such fourth paragraph a cause of action existing in their favor to have the two deeds, under which the appellee claims title, to be declared fraudulent and void. To such a cause of action, whether stated in a complaint or cross complaint, the limitation of six years, when properly pleaded, constitutes a good defence, under the *fourth* clause of section 292, R. S. 1881. *Duncan* v. *Cravens,* 55 Ind. 525; *Sidener* v. *Galbraith,* 63 Ind. 89; *Baugh* v. *Boles,* 66 Ind. 376.

But the fourth paragraph of answer was manifestly pleaded by the appellants as a defence to appellee's action, and not as a cross complaint stating a cause of action and demanding affirmative relief on behalf of the appellants. It was treated below, by the court and by appellee's counsel, as a paragraph of answer, and we will so consider it. Regarded as an answer or defence, it is very clear that the reply thereto, setting up the limitation of six years for relief against frauds, did not state facts sufficient to constitute a good reply. Section 292, *supra,* simply provides that actions for relief against frauds "shall be commenced within six years after the cause of action has accrued, and not afterward." The statute has no application whatever to an answer or defence to an action, and, therefore, the reply was bad.

The appellee's counsel contend, however, that the reply was a good enough reply for a bad answer; and they insist that the fourth paragraph of answer, to which the reply was pleaded, was clearly insufficient. Counsel for appellee have pointed out in argument a number of objections to the sufficiency of the fourth paragraph of answer, only one of which we need notice, as that one seems to us to be well taken and to render the fourth paragraph fatally defective. The appellants claim title to the real estate in controversy under and by virtue of the sheriff's sale thereof to one Washington West,

Wilhite *et al. v.* Hamrick.

by his assignment of his certificate of sale to Cyrus Hunt, and through certain mesne conveyances subsequently executed. But it was not averred in the fourth paragraph of answer, that the sheriff's sale of the real estate had ever been confirmed by the execution of the necessary sheriff's deed. A sheriff's certificate of sale of real estate, under the law, conveys no title, but simply shows that if the land is not redeemed within one year from the date of sale, the holder of the certificate may obtain from the sheriff the execution of a deed conveying title. *Hasselman* v. *Lowe*, 70 Ind. 414. A purchaser at sheriff's sale requires, for the completion of his title, a deed from the sheriff. *Felton* v. *Smith*, 84 Ind. 485.

It follows, therefore, that the fourth paragraph of the appellants' answer did not state facts sufficient to constitute a defence to appellee's action. This being so, it was immaterial whether the reply to such paragraph was good or bad, for a bad reply is a good enough reply to a bad answer. The demurrer to the reply ought to have been sustained by the court to the fourth paragraph of answer; and for this reason the error assigned by the appellants, upon the overruling of their demurrer to such reply, is not an available error for the reversal of the judgment. *Ætna Ins. Co.* v. *Baker*, 71 Ind. 102; *Hancock* v. *Fleming*, 85 Ind. 571; *Reed* v. *Higgins*, 86 Ind. 143.

We find no available error in the record.

The judgment is affirmed, with costs.

Filed Jan. 5, 1884.