McCORMICK v. HUNTER.

DEED.—*Husband and Wife.*—A deed made by a husband and wife, not purporting to convey and pass the lands of the wife, but only her interest in the lands of the husband, has no validity under section 6 of the act concerning real property and the alienation thereof, 1 G. & H. 258.

SAME.—Section 27 of the law of descents, 1 G. & H. 296, gives no authority

McCormick *v.* Hunter.

for the husband to join the wife and convey her interest in his real estate, unless his interest passes at the same time, or has previously been divested.

SAME.—During coverture a wife has no interest in her husband's real estate which can be conveyed while the husband retains his interest in the same.

From the Posey Circuit Court.

*E. M. Spencer* and *W. Loudon,* for appellant.

*A. P. Hovey* and *G. V. Menzies,* for appellee.

BIDDLE, J.—Petition for partition of lands. The appellant in her complaint avers, that in 1860 one Truman Johnson died siezed in fee of the lands in controversy, and left surviving him the appellant, his widow, and Jasper Truman, Laura, Cornelia, Mary, and Cecil Johnson, his children and heirs at law; that appellant afterward intermarried with one McCormick, who also died before the commencement of this suit; that the appellee, by virtue of a purchase from the children of Truman Johnson, is the owner of the undivided two-thirds of said lands, and the appellant of the remaining undivided third.

To this complaint, the appellee answered, admitting the death, intestacy, and seizin of Truman Johnson, the intermarriage of appellant with McCormick and his death, as charged in the complaint, but averring that the appellant " was intermarried with the said Truman Johnson on the 12th day of August, 1853; that on the 18th day of October, 1855, for the purpose of making a settlement of his family affairs, said Truman Johnson and said appellant, by their deed, duly acknowledged, conveyed the interest of said appellant in said lands to the said children of Truman Johnson by a former marriage, which deed was duly recorded; that appellant was the second wife of said Truman Johnson," etc.; " wherefore," etc.

The appellant demurred to this answer for want of sufficient facts. The demurrer was overruled by the court, and exception taken. The appellant refusing to reply, judgment was rendered against her, and an appeal taken to this court.

The only error assigned is the overruling of the demurrer to the answer.

The deed, which was made a part of the answer, was in the following words:

" Know all men by these presents, that we, Truman Johnson and Ellen Johnson, wife of said Truman Johnson, both of Posey county, and State of Indiana, hereby forever quitclaim and release unto Jasper Johnson, Truman Johnson, Jr., Delia Johnson, Laura Johnson, Cornelia Johnson, Mary Johnson, and Cecil Johnson, children of said Truman, all the right, title, and interest which said Ellen Johnson, wife of said Truman, has now or ever may have, including all her dower right, title, and interest which she would have at or after the death of her said husband (in) the following described premises, situated in Posey county, and State of Indiana, to wit:  *   * for various and sundry valuable and meritorious considerations; as witness our hands," etc.

The sufficiency of this deed to convey the wife's interest in her husband's land is the main question in the case.

Such a conveyance would be void at common law.   2 Bl. Com. 293.   Its validity, then, must be sought in the statutes of Indiana.   The only sections which bear upon the case, as far as we are aware, are the following:

" Sec. 6. The joint deed of the husband and wife shall be sufficient to convey and pass the lands of the wife, but not to bind her to any covenant therein." 1 G. & H. 258.

" Sec. 17. If a husband die testate, or intestate, leaving a widow, one-third of his real estate shall descend to her in fee simple, free from all demands of creditors," etc.   1 G. & H. 294.

" Sec. 27. A surviving wife is entitled  *   *   * to one-third of all the real estate of which her husband may have been seized in fee simple, at any time during the marriage, and in the conveyance of which she may not have joined, in due form of law," etc.   1 G. & H. 296.

The deed, not purporting " to convey and pass the lands of

McCormick *v.* Hunter.

the wife," but only an interest in the lands of her husband, has no validity under section 6, above quoted.

Section 17 simply declares the law of descent from husband to wife.

Section 27 declares of what real estate the wife shall be entitled to one-third.

This section, on which the question must turn, contemplates a joinder of the wife with the husband to convey his real estate, and thereby pass her own contingent interest therein at the same time. No authority can be found in this section for the husband to join the wife and convey her interest in his real estate, unless his interest passes at the same time, or has previously been divested. During coverture, the wife has no interest in the husband's real estate, which, while his interest remains in the same, can be separately conveyed.

The conveyance before us is anomalous. The grantors do not join in the conveyance to convey a joint interest of both, but simply join their names in the deed to convey the wife's interest.

The conveyance has no validity at common law and none by statute. We are of opinion that it is void, and that the court erred in overruling the demurrer to the first paragraph of the answer.

The judgment is reversed; cause remanded, with instructions to sustain said demurrer, and for further proceedings.

PETTIT, C. J.—I think a wife has no more power or right over the lands of her husband, after his title has passed out of him, than she has while the title remains in him, and where he is in life in both instances.

Petition for a rehearing overruled.