## Case No. 13,861.

THAMES LOAN & TRUST CO. v. JULIAN et ux.

[7 Biss. 446;[1] 4 Cent. Law J. 534.]

Circuit Court, D. Indiana. May, 1877.

HUSBAND AND WIFE — CONTINGENT RIGHT OF DOWER—MORTGAGE—SALE UNDER FORECLOSURE.

1. In Indiana a wife who has mortgaged her individual interest in her husband's lands to secure his individual debt, has an equitable right to require that her interest shall not be sold, if her husband's interest will sell for enough to satisfy the debt.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

2. The wife's inchoate right in her husband's lands, contingent upon his death, or the extinguishment of his title by judicial sale, will be properly guarded by the courts.

3. Indiana act of March 11, 1875 (1 Davis' St. 1875, 554), construed.

In equity. The Thames Loan and Trust Company filed its bill against Jacob B. Julian and Martha, his wife, and Arthur L. Wright, assignee of said Jacob B. Julian, to foreclose a mortgage given by the Julians on certain real estate to secure a loan of $10,000. Martha Julian filed her cross-bill against the plaintiff and her co-defendants, averring that the debt secured by the said mortgage was not hers, but her said husband's; that she signed said mortgage simply for his accommodation; and that, as between herself and him or his assigns, her part of the mortgaged premises ought to be last sold, or not sold at all, unless necessary to make the full amount of plaintiff's debt; that said mortgaged property was worth less than twenty thousand dollars, and her interest therein was one-fourth as fee simple, which she had a right to have set off to her under the statutes of this state, on the sale of her husband's part, under such decree as may be rendered to pay said mortgage, provided it should sell for enough to pay the same, and prayed that in the final decree the court direct that the mortgaged premises be first offered for sale subject to her inchoate right of inheritance, and if at such sale enough be bid for said property subject to her inchoate title to satisfy the decree, then her title and interest to remain to her unaffected by such decree and sale, and for all other equitable relief. To this cross-bill the assignee demurred.

Baker, Hord & Hendricks, for cross-complainants.

Claypool, Newcomb & Ketcham, for assignee.

GRESHAM, District Judge. The only controversy is between Mrs. Julian, and the assignee of her husband's estate, who seeks to make the mortgaged premises available for the general creditors. Under the statutes of this state Mrs. Julian has an inchoate right of inheritance to one-fourth of the incumbered premises. May v. Fletcher, 40 Ind. 576; Brannon v. May, 42 Ind. 93. This interest she pledged for her husband's debt, and in doing so established between him and herself the relation of principal and surety. As between herself and her husband she has certain equitable rights. Having mortgaged her individual interest in her husband's lands for his individual debt, she has a right to say that her interest shall not be offered if her husband's interest will sell for enough to satisfy the debt. If her husband were dead, and his estate in administration, Mrs. Julian would have a right as against her husband's creditors to have the entire mortgage paid out of the personal assets. Perry

v. Borton, 25 Ind. 274. Her inchoate right to one-fourth of the mortgaged premises, is absolute against everybody but the holder of the mortgage. She might redeem from the mortgage, and be subrogated to all the rights of the mortgagees and their foreclosure, and sell her husband's title, leaving her own unextinguished. If she should now exercise this right of redemption and subrogation, the assignee might sell, subject to both the mortgage debt and her marital rights, or he might pay the mortgage debt and sell subject to her marital interest only. The wife's inchoate right in her husband's lands, contingent upon his death, or the extinguishment of his title by judicial sale, will be guarded and protected by the courts in a proper case. The case of McCormick v. Hunter, 50 Ind. 186, which was cited by counsel for the assignee as authority against the right asserted by Mrs. Julian, merely holds that "during coverture the wife has no interest in the husband's real estate which, while his interest remains in the same, can be separately conveyed."

Thus far I have considered the marital rights of Mrs. Julian without reference to the act approved March 11, 1875 (1 Davis' St. 554). The act declares that in all cases of judicial sales of real property in which any married woman has an inchoate interest by virtue of her marriage, and such inchoate interest is not directed by the judgment to be sold or barred by virtue of such sale, such interest shall become vested in the wife to the same extent and as absolutely as the inchoate interest of a married woman now becomes vested upon the death of her husband. Before the passage of this act the wife's inchoate right ripened into a perfect title on the death of her husband. Now her title is perfect upon the death of her husband or the extinguishment of his title by judicial sale. It is clear that the title of Jacob B. Julian to the real estate described in the mortgage is now in his assignee, Wright. If this case proceeds to a decree of foreclosure and sale, the purchaser will acquire the title of the assignee. Jacob B. Julian has no title to sell. It is only when the husband's title is extinguished by "judicial sale," that the wife's inchoate title becomes perfect under the act of 1875.

Whether an adjudication of bankruptcy on a voluntary petition is a judicial sale within the meaning of that act, is not a question necessarily involved in this case. Mrs. Julian joined in the mortgage, and thereby as between herself and the mortgagee bound her interest in the premises for the debt.

If the land is first offered for sale subject to her marital rights (as I think it should be, for she certainly has some interest in it), the act of 1875 has no bearing upon the case otherwise than as affording additional evidence of the settled purpose of the legislature of this state to secure to married women an interest in all the real estate owned by their husbands at the time of their marriage, or that may be acquired during coverture. Demurrer overruled.

See Pawtucket Institution for Savings v. Bowen [Case No. 10,852].

———

THARP (TILLEY v.). See Case No. 14,047.