## No. 8292.

### HUDSON *v.* EVANS ET AL.

MARRIED WOMAN.—*Conveyance.*—*Inchoate Interest in Land of Husband.*—*Statute Construed.*—*Judicial Sale.*—A wife's inchoate interest in real estate is not a present interest which can be transferred, but only a contingent right, which will be barred or extinguished by her joining in a deed of conveyance with the husband; and when she has joined in such conveyance, the act of March 11th, 1875, section 2508, R. S. 1881, can not apply to a subsequent judicial sale, though under a judgment rendered against the husband before the conveyance was made.

SAME.—*Cases Distinguished.*—A. and wife conveyed land of A. to P., who conveyed the same to E. By virtue of an execution upon a judgment against A., the land was afterwards duly sold and conveyed by the sheriff to H.

*Held,* in an action by H. to recover possession of the land, that the act of 1875, concerning the wife's inchoate right, did not apply, and that the wife of E. had no interest in the land under said act. *Ketchum* v. *Schicketanz,* 73 Ind. 137, and *Mark* v. *Murphy,* 76 Ind. 534, distinguished.

From the Boone Circuit Court.

*C. S. Wesner,* for appellant.

*F. M. Charlton,* for appellee.

WOODS, J.—Complaint by the appellant, in the usual form, for the recovery of possession of real estate. Besides the general denial, the defendants Marcus and Margaret Evans filed a special plea, under which they claimed to be the owners of the undivided one-third of the land as tenants in common

with the plaintiff, and as such entitled to possession. The case was submitted to the court for trial, the evidence consisting of an agreed statement of facts, substantially the same as are alleged in the special plea, that is to say, as follows:

On the 3d day of February, 1877, Elias Evans, being the owner of the land described in the complaint, subject to the lien of a judgment against him, conveyed the same, his wife joining in the deed, to one Edmund Powell, who, with his wife, conveyed the same to the said Marcus Evans. Afterwards, by virtue of an execution issued upon the judgment against Elias Evans, the land was levied upon and duly sold by the sheriff to the appellant, who at the end of the year from the date of the sale, there having been no redemption, received the sheriff's deed.

The appellees claim that the law of March 11th, 1875, Acts 1875, p. 178, applies, and that by virtue of the conveyances aforesaid, the inchoate interest of the wife of Elias Evans was transferred to the defendant Marcus, and, upon the consummation of the sheriff's sale, became a vested right.

It is not alleged in the special plea, nor stated in the agreement of facts, that the wife of Elias Evans was still in life at the time the sheriff's sale was made, but, laying no stress upon this, we are of opinion that the case does not come within the act referred to. That act, which has in a number of instances recently come under consideration, has received an interpretation much broader than its literal terms, but there is no case to warrant the application now contended for. The language of the 1st section, which alone is material to the question, is: "That in all cases of judicial sales of real property, in which any married woman has an inchoate interest by virtue of her marriage, where the inchoate interest is not directed by the judgment to be sold or barred by virtue of such sale, such interest shall become absolute and vest in the wife in the same manner and to the same extent as such inchoate interest of a married woman now becomes absolute upon the death of the husband, whenever, by virtue of said sale, the legal title of

the husband in and to such real property shall become absolute and vested in the purchaser thereof," etc.

The following is the argument made on behalf of the appellees:

"Can the appellant acquire greater rights by reason of the judgment debtor's wife having conveyed her inchoate interest before the sheriff's sale than he would have had if such interest had never been conveyed? Then the judgment from its incipiency could only have been a lien on the husband's rights in the real estate, and never did attach as against the wife's inchoate interest, which would have materialized upon the sale by the sheriff. It may be that such one-third interest did not come into existence until the sale occurred; and, even if it did not, under a well known rule of law, the grantee is entitled to all subsequently acquired title of the grantors, either immediate or remote."

The fallacy consists in an apparent misapprehension of the nature of a wife's inchoate interest and of the effect of her joining the husband in a deed of conveyance. Her right is not a present interest in the land. It is a right of which she can not be deprived against her will, and which she can not herself relinquish except by joining her husband in the execution of a deed of conveyance; but yet her interest is only an inchoate possibility, contingent, in all cases, except for the law of 1875, upon her outliving the husband. It is not in and by itself a transferable interest (*McCormick* v. *Hunter*, 50 Ind. 186), and constitutes no diminution of the husband's present estate nor of his power to convey to another. Her joining in the conveyance does not transfer an estate beyond that which would be conveyed by the deed of the husband alone; it simply bars the contingency upon which, but for her joining in the conveyance, she might become possessed of a vested interest.

The law of 1875 makes this modification only: It does not change or affect the present character of the wife's interest,

nor change the mode of barring it by joining in the husband's deed, nor diminish the complete estate of the husband, but, instead of leaving the inchoate right contingent in all cases upon the wife's outliving the husband, provides that in " cases of judicial sales of real property in which" she " has an inchoate interest by virtue of her marriage," " such interest shall become absolute and 'vest" in her, etc., when the title of the husband shall become absolute and vested in the purchaser at such sale.

It follows that the conveyance of the land by Elias Evans and his wife to Powell did not transfer, but extinguished, her inchoate right; or, perhaps to speak more accurately, it barred the possibility of the right becoming an absolute vested one, upon the contingency either of survivorship or of a judicial sale of the property.

This conclusion is not inconsistent with the decision in *Mark* v. *Murphy*, 76 Ind. 534. In that case it was held that a mechanic's lien, arising out of a contract with the husband, did not reach or affect the wife's inchoate interest, and that after a judicial sale and conveyance of the land upon a foreclosure of such lien, the wife's interest became absolute and vested, and subject to sale upon a mortgage executed by her and her husband, after the attachment of the mechanic's lien but before the sale of the land on the foreclosure thereof.

The case is distinguishable from the one in hand in this, if in nothing else, that the mortgage did not, under the rule now prevalent, convey away the title of the husband, but constituted only a lien upon the land, and her joining in the execution of the mortgage did not bar or extinguish her inchoate interest, but simply subjected it to the lien of the mortgage in such manner as that it was liable to be barred by a foreclosure, sale and conveyance under the mortgage. It estopped her from claiming any right arising out of her inchoate interest as against the mortgagee. The land having been sold and conveyed, by virtue of the mechanic's lien, before foreclosure had been had of the mortgage, her inchoate

interest which she had held, subject to the mortgage, then became an absolute vested right, though still subject to the mortgage, in the execution of which she had joined.

The sale under the judgment, in the case before us, corresponds strictly enough to the sale under the mechanic's lien in that case; but the difference between the cases is, that when the sale under the judgment was made, Mrs. Evans, by joining her husband in a conveyance of the land, had absolutely relinquished and barred her inchoate interest; so that, under the most liberal interpretation, the law of 1875 was not applicable to the case.

The case of *Ketchum* v. *Schicketanz*, 73 Ind. 137, is a strong one, but affords no support to the judgment of the circuit court.

Judgment reversed, with costs, and the cause remanded with instructions to grant a new trial and to sustain the demurrers to the second paragraph of the joint answer of the appellees, and to the first paragraph of the separate answer of Marcus Evans.