No. 9095.

HANCOCK v. FLEMING ET AL.

85   571
140   205

| 85 | 571 |
|---|---|
| 150 | 435 |

PRACTICE.—Record on Appeal.—Bill of Exceptions.—Affidavit and Motion.— Setting Aside Default.—Under section 559 of the civil code of 1852 (section 650, R. S. 1881), an affidavit and motion to set aside a default, and the ruling of the court thereon, will not constitute a part of the record on appeal to the Supreme Court, unless they are made a part of the record by a bill of exceptions or by an order of the court.

PLEADING.— Answer or Counter-Claim.— Supreme Court.— Partial Answer.— Where a pleading, properly a counter-claim, is treated below by court and counsel as an answer in bar, it must be so considered by the Supreme Court; and if it purports, yet fails, to answer the entire complaint, it is bad on demurrer for the want of sufficient facts.

SAME.—Reply.—A bad reply is a good enough reply to a bad answer.

From the Grant Circuit Court.

G. W. Hervey, H. D. Thompson and T. B. Orr, for appellant. A. Steele and R. T. St. John, for appellees.

HOWK, J.—This was a suit by the appellant, as payee and mortgagee, to collect a note and foreclose a mortgage executed by the appellees Jane and Charles R. Fleming. The appellees John Kelsey and Francis M. Wood were made defendants to the action; and, as to them, it was alleged in appellant's complaint, that, after the execution of the note and mortgage in suit, the mortgagors executed to them a conveyance of the mortgaged premises, in which conveyance the appellees Kelsey and Wood, as a part of the purchase-money of said premises, assumed and agreed to pay the appellant his note and mort-

gage, which assumption and agreement were set out in the con-
veyance of Jane and Charles R. Fleming to their co-appellees,
Kelsey and Wood, whereby they, Kelsey and Wood, became
individually liable to pay the note and mortgage; and that the
same were due and wholly unpaid. On the third day of Sep-
tember, 1879, the court rendered judgment by default for the
amount due on the note, and for the foreclosure of the mort-
gage and sale of the mortgaged premises, etc.

Afterwards, at the same term of the court, to wit, on the
11th day of September, 1879, the appellee John Kelsey, upon
his affidavit filed, moved the court to set aside the default
against him, and to permit him to defend the suit, which mo-
tion was sustained and the default set aside, to which ruling
and action of the court the appellant at the time excepted.
The appellee Kelsey then answered in a single affirmative
paragraph, to which the appellant's demurrer, for the alleged
want of facts, was overruled by the court, and to this ruling
he excepted. He then replied in two paragraphs, of which
the first was a general denial, and the second stated special
matter. Kelsey's demurrer, for the want of facts, was sus-
tained to the second reply, and the appellant excepted to this
decision. The issues joined were tried by the court, and a
finding was made for the defendants, and, over appellant's mo-
tion for a new trial and his exception saved, judgment was
rendered accordingly.

The appellant has assigned as errors the following decisions
of the circuit court:

1. In setting aside the default and judgment as to Jane and
Charles R. Fleming, and Francis M. Wood, without motion
or cause therefor;

2. In overruling appellant's demurrer to John Kelsey's
answer;

3. In sustaining Kelsey's demurrer to the second paragraph
of appellant's reply; and,

4. In overruling appellant's motion for a new trial.

We will consider and decide the several questions pre-

sented and discussed by appellant's counsel, and arising under these alleged errors, in the order of their assignment.

1. It is claimed by appellant's counsel that the court erred in setting aside the default and judgment in this case against Jane and Charles R. Fleming, and Francis M. Wood. The record fails to show, in any proper manner, that the appellant objected or excepted to this action of the court. Kelsey's motion to set aside the default and judgment, his affidavit upon which such motion was founded, the ruling of the court thereon, and the appellant's exception, if any, to such ruling, were not, nor was either of them, made parts of the record of this cause, either by bill of exceptions or by an order of the court; and, without such bill or order, they could not, nor could either of them, lawfully be made or become parts of the record. This was the rule under section 559 of the civil code of 1852, and it is still the rule under section 650, R. S. 1881, and it has been recognized and acted upon in many decisions of this court. *Scotten* v. *Divilbiss,* 60 Ind. 37; *School Town of Princeton* v. *Gebhart,* 61 Ind. 187; *Board, etc., of Grant Co.* v. *Small,* 61 Ind. 318.

We are of opinion, therefore, that the first error assigned is not so saved in the record of this cause as to present any question for the decision of this court.

2. In his answer John Kelsey alleged in substance, that he and Francis M. Wood purchased the mortgaged premises from their co-appellees, the Flemings, and received from them their warranty deed therefor; and he admitted and averred that the mortgage in suit was then a lien on said premises, that he knew of said lien when he purchased said premises, and that, as between him and the Flemings, he agreed to and did accept their deed, subject to said mortgage; but he averred that when he so purchased said premises the Flemings represented to him that the same were free and clear from any and all encumbrances except such as were set forth and named in said deed; that he relied upon such statements and representations as true; but he averred that before the Flemings became the

owners of said premises, and before their vendor became the owner thereof, there was a valid judgment lien thereon in favor of James Forkner, Andrew F. Scott and Charles N. Elmer, in the sum of $341.03, which was wholly unpaid; that said premises had been sold by the sheriff of Grant county, upon execution issued on said judgment, and were duly purchased by said Forkner, Scott and Elmer, who became the owners thereof; and that had he, Kelsey, known of such judgment lien (which he did not), he was unable to redeem said premises therefrom.

And the said Kelsey further averred, that after the said purchase by said Forkner, Scott and Elmer, to save himself from losing all he had paid on said premises, he was compelled to and did purchase the same from said Forkner, Scott and Elmer, by taking an assignment of their certificate of sale and procuring a deed thereon from the sheriff of Grant county; which purchase-money, with the sum he had already paid, was the full value of said premises; by means whereof, he said that he then held and owned the said premises by a superior and paramount title to the appellant's mortgage, or to any claim of title of the Flemings thereto; and that his title to the premises, under and by virtue of the lien and purchase by said Forkner, Scott and Elmer, was paramount to the lien of the mortgage in suit. Wherefore he prayed that the appellant might be decreed to pay the sum of said judgment and interest before the foreclosure of his mortgage, or, in default thereof, that he, Kelsey, might have judgment for his costs, and for other proper relief.

It seems to us that this pleading is a counter-claim or cross complaint by Kelsey against his co-defendants and the appellant, rather than an answer in bar of the appellant's action. It was treated below, however, both by court and counsel, as an answer in bar, and it must be so considered here. As such an answer, we think the facts stated therein were clearly insufficient to bar or defeat the appellant's action. It did not controvert any of the allegations of the appellant's complaint, nor

did it confess and avoid any of those allegations. It stated simply a legal conclusion from facts which were not, but ought to have been, pleaded. It was averred in the answer that there was a judgment lien on the premises in favor of certain parties, but it was not stated when, where or against whom the judgment in question was rendered. Nor was it alleged that the judgment lien mentioned was not one of the encumbrances which, the answer admits, were set forth and named in the deed of the Flemings, and which the complaint averred that he and Wood had assumed and agreed to pay. The appellant sought in his complaint to obtain a personal judgment against Kelsey and Wood, as well as to foreclose his mortgage and sell the mortgaged premises. It was attempted, in the answer, to show that Kelsey owned and held the mortgaged premises by a title paramount to that of the mortgagors, and that, therefore, the premises in question could not be subjected to sale for the payment of the mortgage debt. This was the burthen of Kelsey's answer, but it failed to answer the alleged assumption and agreement of Kelsey and Wood to pay the mortgage debt. It may be said that the facts alleged in the answer were sufficient to show a failure of the consideration for the assumption and agreement of Kelsey and Wood to pay the appellant's note and mortgage. But it was not claimed in the answer that there had been any such failure of consideration; and certainly the facts stated did not show a total failure of consideration, and, if there were a partial failure, no correct estimate of its extent could be predicated upon the facts pleaded. From the facts and conclusions stated in his answer, it might be inferred, perhaps, that Kelsey would be entitled, upon a proper cross complaint, to some equitable relief in the premises; but no correct estimate could be made therefrom of either the kind or extent of such relief. The court erred, we think, in overruling the demurrer to Kelsey's answer.

3. Of the alleged error of the court, in sustaining Kelsey's demurrer to the second paragraph of appellant's reply, it would

be sufficient to say, even if the reply were conceded to be bad, that it was a good enough reply for a bad answer. *Ætna Ins. Co.* v. *Baker*, 71 Ind. 102. We may properly add, however, that the claim intended to be asserted in this second reply, that the mortgage in suit was, in any event, a valid lien upon the inchoate interest of the wife of the judgment debtor in the mortgaged premises, has been settled adversely to the appellant's claim in the recent case of *Hudson* v. *Evans*, 81 Ind. 596. In that case it was held that the conveyance of land by a judgment debtor and his wife did not transfer, but extinguished, the wife's inchoate right; " or, perhaps to speak more accurately, it barred the possibility of the right becoming an absolute vested one, upon the contingency either of survivorship or of a judicial sale of the property."

4. We need not consider the alleged error of the court in overruling appellant's motion for a new trial. But we may say, without impropriety, that, while it is true that the finding of the court was not sustained by sufficient evidence, it is equally true that the evidence in the record would not have sustained a finding against Kelsey, in favor of the appellant.

The judgment is reversed, at the costs of John Kelsey, and the cause is remanded, with instructions to sustain the demurrer to the answer, and for further proceedings not inconsistent with this opinion.