No. 10,397.

## YOUST v. HAYES.

MARRIED WOMAN.—*Deed.— Wife.—Inchoate Interest.—Judicial Sale.—Partition.*—A husband's lands were sold on execution to satisfy a personal judgment against him, and, not being redeemed, the purchaser took a sheriff's deed. During the year for redemption the husband and wife joined in a conveyance, with covenants, of the lands to H.

*Held*, that H. was seized of an undivided one-third of the land, which would have vested in the wife by virtue of the statute, R. S. 1881, section 2508, and could maintain suit for partition.

From the Henry Circuit Court.

*T. B. Redding*, *W. Grose* and *M. E. Forkner*, for appellant.
*J. H. Mellett* and *E. H. Bundy*, for appellee.

MORRIS, C.—The facts out of which the contention between the parties arises are thus stated by the appellant:

In February, 1878, Thomas J. Petty, whose wife was then and is still living, was the owner of the west half of the southwest quarter of section 7, township 13 north, of range 10 east, in Henry county, Indiana.

On the 25th day of February, 1878, a judgment was rendered against said Thomas J. Petty in favor of Thompson Sharpe, administrator, which became and was a lien upon said land. The land was sold upon an execution issued on said judgment, on the 23d day of November, 1878, by the sheriff of said county, to one Joseph Sharpe, who received a certificate of purchase therefor, which certificate he assigned to the appellant, and that said sheriff, after the time for redemption had expired, executed and delivered to the appellant, on the 26th day of January, 1880, a deed for said land; that Petty and wife, on the 23d day of January, 1879, two months after the sheriff's sale, conveyed by deed of warranty in the statutory form, said real estate to the appellee, Hayes; that on the 30th day of January, 1877, said Petty and wife executed a mortgage on said land to one Abraham Garr, securing certain notes therein described; that this mortgage was assigned to the Citizens State Bank of Newcastle, Indiana, and by the bank assigned to the appellee; that the appellee brought suit upon said mortgage and notes, and obtained thereon a decree of foreclosure, and sold and bought in said land upon said decree, and received a certificate of purchase therefor; that afterwards, on the 21st day of October, 1880, the appellant redeemed said land from the sale under said decree of fore-

closure before the time for redemption had expired, by paying into the clerk's office of said court, for the appellee, the sum of his bid and all interest and costs allowed by law, amounting to $2,980.

The court below held that, upon these facts, the appellee was the owner and entitled to the undivided one-third of said land as against the appellant, and ordered partition, etc.

The counsel for the appellant say : " Upon the above statement of facts, it is evident that if Hayes, the appellee, has any title to the real estate in controversy, it is derived through the wife of said Petty, by and through the deed aforesaid, and is that right, interest and title that the wife of said Petty had in and to said land, at and from the sale of said land by the sheriff on said judgment of Sharpe against Petty, as given to her by the statute of 1875. But we claim that the deed of herself and husband did not convey or pass any title or interest in said land, but extinguished her inchoate interest, and that Hayes took no title or interest by said deed."

The question thus stated is fairly presented by the record, and as it is the only one discussed by the appellant, no other question will be considered. *Merrick* v. *Leslie,* 62 Ind. 459 ; *English* v. *State, ex rel.,* 81 Ind. 455.

In considering the question thus presented, we need not refer to the mortgage mentioned in the record nor to the proceedings upon its foreclosure ; neither the mortgage nor such proceedings in any way affect the question before us.

The appellant does not contend, at least not directly, that the deed executed by Petty and wife to the appellee, some two months after the sheriff's sale of the land in controversy to Joseph Sharpe, was not effectual to convey to him whatever interests his grantors then had in said land. We think such a deed as Petty and wife executed to the appellee would have that effect.

In order to determine the rights of the parties, it becomes necessary to ascertain what interest Petty and wife had in the real estate at the time they conveyed it to the appellee. Petty

had, at the time, the right to the possession of said real estate until the expiration of the time allowed by law to redeem from the sale. He had, also, during that time, a right to redeem from the sale. These rights passed, by his deed, to the appellee. Petty's wife had an inchoate right to one-third of the land in fee, which, in case the land should be redeemed from the sheriff's sale, would be contingent upon her surviving him, but which would, in case the land should not be redeemed, become absolute in point of fact, at the expiration of the time allowed for redemption, and by relation, from the day of the sale. Her right in the land, at the time she and her husband conveyed to the appellee, was one-third of it if it should not be redeemed according to law. This right, by the law of 1875, grows out of the sale of the land upon execution. If there had been no sale, there could have been no such right; and, if there was no such right in existence, a deed executed by the husband and wife, for land which had not been sold at judicial sale, could not, as held in the case of *Hudson* v. *Evans,* 81 Ind. 596, pass such an interest.

If the deed of Petty and wife passed their respective interests in the land in controversy to the appellee he occupied, from the time of the execution of this deed, the same relation to the land that his grantors would have occupied had they not executed the deed. The land not having been redeemed from the sheriff's sale, Mrs. Petty could, had she not conveyed, have claimed one-third of the land in fee, as against the sheriff's grantee and those claiming under him. If her right to, and interest in, the land passed, by the deed of herself and husband, to the appellee, it follows that he was entitled to one-third of the land in controversy. We know of no reason why her interest should not be held to pass by her deed. The statute of 1875 was enacted for the benefit and protection of married women. It would be opposed to the spirit of the statute to hold that the wife could not, with the concurrence of her husband, sell and convey the interest thus secured to her.

The appellant contends that the deed of Petty and wife had

the effect to extinguish her inchoate interest in the land and her right under the statute of 1875. We do not think so. The interest and right passed to her grantee by her deed, in which her husband joined, or it remained in her. If it passed to her grantee, the appellee was entitled to one-third of the land in controversy; if it did not, then the land not having been redeemed, she became entitled to one-third of it at the expiration of the time allowed by law for redemption, and the title thus subsequently acquired by her would enure through her deed to the appellee. *King* v. *Rea*, 56 Ind. 1, 17.

The view which we have taken of the question under consideration renders it altogether immaterial whether the interest of Mrs. Petty in the land became absolute, under the act of 1875, at the time the period for redemption expired, or whether it is to be deemed to have become absolute by relation on the day of sale. But see, upon this subject, *Hollenback* v. *Blackmore*, 70 Ind. 234; *Elliott* v. *Cale*, 80 Ind. 285. We think there is no error in the record.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.