## HALLECK ET AL. v. IRWIN.

[No. 2,622.    Filed November 4, 1898.]

From the Jasper Circuit Court.    *Affirmed.*

*E. B. Sellers* and *W. E. Uhl,* for appellants.

*M. F. Chilcote,* and *Foltz, Spitler & Kurrie,* for appellees.

ROBINSON, J.—Appellee brought suit against appellants upon a promissory note.    Certain of the defendants answered, and appellants Halleck, Halleck, and Gleason were defaulted, and judgment was rendered against all the defendants, on the day preceding the day of adjournment for the term.    On the second day of the succeeding term of court appellants Halleck, Halleck, and Gleason filed a motion to set aside the default, and in support of the motion filed certain affidavits.    Counter affidavits were also filed.    It appears from the record that leave was asked to substitute papers, and that lost papers were ordered to be substituted, and that appellants filed "the substituted motion reading as follows:"    But such substituted motion is not in the record, nor is there any reference to any part of the record where such motion may be found.    There is in another part of the transcript what purports to be a motion to set aside the default, but this was superseded by the substituted motion.    Even if we should concede that there is in the record a motion to set aside the default, the affidavits and counter affidavits filed in support of and against the motion have not been brought up by any bill of exceptions nor were they made part of the record by any order of the court.    It does not appear whether the matter was submitted to the court upon the affidavits and counter affidavits exclusively, or whether there was some additional evidence.    The affidavits and counter affidavits, as they come to us, form no part of the record.    The bill of exceptions contains nothing that presents any question for the consideration of this court. *Hancock* v. *Fleming,* 85 Ind. 571; *Crumley* v. *Hickman,* 92 Ind. 388; *Cottrell* v. *Aetna Ins. Co.,* 97 Ind. 311; *Board, etc.,* v. *Karp,* 90 Ind. 236.    Judgment affirmed.

Wiley, J., took no part in this decision.